## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARY L. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-59-SNLJ |
| | ) | |
| VERTEX PHARMACEUTICALS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Mary L. White for leave to commence this civil action without payment of the required filing fee. (ECF No. 2). Having reviewed the financial information provided on plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds the motion should be granted. Additionally, for the reasons explained below, the Court will allow plaintiff the opportunity to submit an amended complaint.

### Legal Standard

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

## The Complaint

On March 20, 2020, self-represented plaintiff Mary L. White filed this civil suit on a Court-provided form against defendant Vertex Pharmaceuticals ("Vertex").[1] Plaintiff alleges that in 2012 she was prescribed a "triple therapy" medication regimen which included "Incivek, Peginterferon alfa, and ribavirin combination" for treatment of her Hepatitis C. (ECF No. 1 at 5). Plaintiff states

---

[1] On February 20, 2020, plaintiff filed two separate complaints against Dr. Eduardo D. Verzola and Genentech-Roche Pharmaceutical, respectively. *See White v. Verzola*, 4:20-cv-295-RLW (E.D. Mo.); *White v. Genentech-Roche Pharmaceutical*, 1:20-cv-41-RLW (E.D. Mo.). These two pending cases share similar facts and allegations with the instant action.

2

that the medication caused a "serious skin reaction that covered the entire body, mental stress, fatigue, anxiety, [and] loss of memory." (*Id.*)  Plaintiff alleges that the "manufacturer failed to warn the public of the dangerous side effect[s]." (*Id.*)

For relief, plaintiff requests the Court to award her $2 million in actual damages; $1.5 million for mental stress, anxiety, and loss of memory; $500,000 for loss of employment; and "all medical bills to be paid for the rest of [her] life." (*Id.* at 5-6).  Plaintiff also asks the Court to compensate an unknown individual, James R. Ward, $500,000 for "his lost will."

## Discussion

In the section of the form complaint to list specific federal statutes or constitutional provisions that the instant action is based upon, plaintiff wrote: "Bill of Rights."  Even construed liberally in favor of the self-represented plaintiff, her vague reference to the Bill of Rights is insufficient to construct a proper legal theory or to support the assertion that federal question jurisdiction exists in this case pursuant to 28 U.S.C. § 1331.  *See Stone*, 364 F.3d at 914-15 (refusing to construct a legal theory for a self-represented plaintiff); *Gwaltney v. White*, 2016 WL 3255029, at *2 (M.D.N.C. June 13, 2016) (asserting a claim under the "Bill of Rights" does not sufficiently allege federal question jurisdiction under 28 U.S.C. § 1331).

In liberally construing the complaint, the Court interprets her allegations to assert a claim for product liability/failure to warn against Vertex.  For the purpose of conducting a pre-service review of the complaint pursuant to 28 U.S.C. § 1915, the Court will presume it has diversity jurisdiction over the instant action as she has asserted an amount in controversy that exceeds the jurisdictional threshold and has established the diversity of the parties.  *See* 28 U.S.C. § 1332(a); *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) ("district

3

courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000 . . . and when the citizenship of each plaintiff is different from the citizenship of each defendant"). Here, plaintiff seeks $2,000,000 in actual damages and states that she is a Missouri citizen and Vertex's principal place of business is in Massachusetts. *See* 28 U.S.C. § 1332(c)(1) (generally, a corporation is deemed to be a citizen "of the State by which it has been incorporated and of the State where it has its principal place of business.").

However, the Court finds that plaintiff has failed to allege facts permitting the reasonable inference that defendant Vertex is liable for any misconduct. Although plaintiff generally states that Vertex is a manufacturer in the section of the complaint designated to list the parties, she fails to allege that Vertex manufactured the three-drug combination that she was prescribed. While well-pled factual allegations are taken as true, the Court is free to ignore unsupported conclusions and inferences. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). The Court notes that in a second pending case before this Court, *White v. Genentech-Roche Pharmaceutical*, 1:20-cv-41-RLW (E.D. Mo.), plaintiff alleges that the defendant in that action, Genentech-Roche Pharmaceutical, was the manufacturer of the identical drugs at issue here.[2]

Additionally, the Court finds that plaintiff has also failed to allege any facts permitting the reasonable inference that the drugs at issue here were the proximate cause of her skin reactions, mental stress, fatigue, anxiety, and loss of memory, or that she used the drugs as directed by her physician and pharmacist. *See Wester v. Bristol Myers Squibb Co.*, 2020 WL 619681, at *2 (E.D.

---

[2] The Court takes judicial notice of its own records regarding a pending civil proceeding filed by plaintiff. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

Mo. Feb. 7, 2020) (dismissing plaintiff's products liability claim pursuant to § 1915 because plaintiff did not allege facts permitting the reasonable inference that the side effects were attributable to the drug, or that she used the drug in a manner reasonably anticipated during the relevant time period). Plaintiff also fails to plead facts permitting the inference that Vertex, if it is the manufacturer of the drugs, failed to adequately warn of the risk. *See Johnson v. Medtronic, Inc.*, 365 S.W.3d 226 (Mo. Ct. App. 2012) (a failure to warn claim requires demonstration of proximate cause).

In sum, plaintiff's allegations are nothing more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678. When a complaint's factual allegations permit the inference only that it is possible, not plausible, that injury occurred, the complaint fails to meet the minimum standard. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Lastly, plaintiff does not plead facts permitting the inference that this action is timely. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[ ] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). "A federal court sitting in diversity jurisdiction applies the statute-of-limitations of the forum." *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (citing *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995)); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (Federal courts sitting in diversity "apply state substantive law and federal procedural law"). In Missouri, the statute of limitations for product liability and personal injury claims is five years. Mo. Ann. Stat. § 516.120(4).

5

The instant action was filed in this Court on March 20, 2020. Plaintiff alleges that in 2012, eight years ago, she was prescribed a medication regimen which included "Incivek, Peginterferon alfa, and ribavirin combination." Plaintiff alleges that in the same year she began to experience a skin reaction, mental stress, fatigue, anxiety, and loss of memory. As currently pled, this action appears to be barred by the five-year statute of limitations period.

### Instructions on Amending the Complaint

In consideration of plaintiff's self-represented status, the Court will allow her to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil complaint form, which will be provided to her. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, she may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff

names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

The Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth his claims for relief.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (ECF No. 3). In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

7

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny the motion without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a blank form complaint for the filing of a non-prisoner civil case.

**IT IS FURTHER ORDERED** that, consistent with this Memorandum and Order, plaintiff shall file an amended complaint on the Court-provided form within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court may dismiss this action without prejudice and without further notice.

Dated this 13th day of July, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

8