**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MARY L. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-59-SNLJ |
| ) | |
| VERTEX PHARMACEUTICALS and ) | |
| DR. EDWARDO D. VERZOLA, ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court upon the filing of the amended complaint by self-represented plaintiff Mary L. White. (ECF No. 5). The Court previously granted plaintiff *in forma pauperis* status and reviewed her complaint under 28 U.S.C. § 1915. (ECF No. 4). Based on that review, the Court directed plaintiff to file an amended complaint in compliance with the Court's instructions. For the reasons discussed below, the Court will dismiss plaintiff's claims against defendants Vertex Pharmaceuticals and Dr. Edwardo D. Verzola pursuant to 28 U.S.C. § 1915 for failing to state a claim upon which relief may be granted.

### The Complaint

On March 20, 2020, self-represented plaintiff Mary L. White filed this civil suit on a Court-provided form against defendant Vertex Pharmaceuticals ("Vertex").[1]  Plaintiff alleged that in 2012 she was prescribed a "triple therapy" medication regimen which included "Incivek,

---

[1] On February 20, 2020, plaintiff filed two separate complaints against Dr. Eduardo D. Verzola and Genentech-Roche Pharmaceutical, respectively.  *See White v. Verzola*, 4:20-cv-295-RLW (E.D. Mo.) and *White v. Genentech-Roche Pharmaceutical*, 1:20-cv-41-RLW (E.D. Mo.).  These two cases share similar facts and allegations with the instant action.  *White v. Verzola* was dismissed on July 21, 2020 for lack of subject matter jurisdiction.  As of the date of this Order, *White v. Genentech-Roche Pharmaceutical* remains pending.

Peginterferon alfa, and ribavirin combination" for treatment of her Hepatitis C. (ECF No. 1 at 5). Plaintiff stated that the medication caused a "serious skin reaction that covered the entire body, mental stress, fatigue, anxiety, [and] loss of memory." (*Id.*) Plaintiff alleged that the "manufacturer failed to warn the public of the dangerous side effect[s]." (*Id.*)

For relief, plaintiff requested the Court to award her $2,000,000 in actual damages; $1,500,000 for mental stress, anxiety, and loss of memory; $500,000 for loss of employment; and "all medical bills to be paid for the rest of [her] life." (*Id.* at 5-6). Plaintiff also asked the Court to compensate an unknown individual, James R. Ward, $500,000 for "his lost will."

On July 13, 2020, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 4). In liberally construing the complaint, the Court interpreted her allegations to assert a claim for product liability/failure to warn against Vertex. For the purpose of conducting pre-service review, the Court presumed it had diversity jurisdiction over the action as she asserted an amount in controversy that exceeded the jurisdictional threshold and established the diversity of the parties.

The Court determined, however, that plaintiff's complaint was subject to dismissal. Specifically, the Court found the following deficiencies: (1) failure to allege facts permitting the reasonable inference that Vertex was the manufacturer of the drugs at issue; (2) failure to allege facts permitting the reasonable inference that the drugs were the proximate cause of her skin reactions, mental stress, fatigue, anxiety, and loss of memory, or that she used the drugs as directed by her physician and pharmacist; (3) failure to plead facts permitting the inference that Vertex did not adequately warn of the risk; and (4) failure to plead facts permitting the inference that this action is timely under Missouri's five-year statute of limitations for product liability and personal

2

injury claims. As to the timeliness issue, the Court noted that her complaint was filed in this Court on March 20, 2020, eight years after she was allegedly prescribed the drugs at issue and began to experience negative reactions.

Because plaintiff was self-represented, the Court entered an order giving her the opportunity to file an amended complaint to cure the pleading deficiencies and address the apparent untimeliness of her lawsuit. In that order, the Court provided plaintiff with clear instructions about how to prepare her complaint. (ECF No. 4 at 6-7). Plaintiff was warned that the filing of an amended complaint would entirely replace the original complaint and, as a result, "must include all claims [she] wishes to bring." (*Id.* at 6).

Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standard**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint

3

states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).

### The Amended Complaint

Plaintiff filed her amended complaint on a Court-provided form against Vertex Pharmaceuticals and one additional defendant, Dr. Edwardo D. Verzola. (ECF No. 5). Plaintiff asserts that this case involves the First Amendment, the Eighth Amendment, the "Federal Patient Bill of Rights," and the "Consumer Bill of Rights." (*Id.* at 3).

In the Statement of Claim section of the Court-provided form, plaintiff alleges the following:

1. I was injured by the use of medication
2. In 2012
3. My home and Dr. Offices
4. Scarring over intire [sic] body, mental fatigue, memory lost [sic]

4

      5. Vertex failed to warn public of dangerous side effects that cause Life/Death.

(*Id.* at 5). Plaintiff does not provide any additional factual allegations in support of her claims or any specific factual allegations against Dr. Verzola.

      Plaintiff seeks $2,000,000 in actual damages, $1,500,000 for mental stress, and $500,000 for "lost will." (*Id.* at 4). Plaintiff further states she is "asking [the] Court to award amount of suit, court cost, and any additional cost that may [illegible] during course of suit and mental and medical for Rest of Life do [sic] to the effects of this medication." (*Id.* at 5).

### Discussion

      Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims.

      **A. Failure to Warn**

      On July 13, 2020, the Court reviewed plaintiff's original complaint pursuant to 28 U.S.C. § 1915 and determined that her failure to warn claim was subject to dismissal because she failed to allege that Vertex was the manufacturer of the drugs at issue, that the drugs were the proximate cause of her injuries, and failed to provide any facts to support that Vertex failed to adequately warn of the risk. (ECF No. 4). The Court also noted that her claim appeared to be barred by Missouri's five-year statute of limitations period for product liability and personal injury actions. Plaintiff was warned that her amended complaint would replace the original and was instructed that the "Statement of Claim" section of the Court-provided form requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."

      Despite the Court's instructions, plaintiff submitted the instant amended complaint with less facts than her original complaint. In the amended complaint, plaintiff alleges that "Vertex

5

failed to warn public of dangerous side effects that causes Life/Death." Plaintiff then provides the conclusory statement that "in 2012" she was "injured by the use of medication" in her "home and Dr. offices." Plaintiff does not state the name of the medication that caused the alleged side effects, identify Vertex as the manufacturer of the medication, allege that she was prescribed medication, or that she used it as directed by her physician and pharmacist. Plaintiff does not include any allegations against Dr. Verzola, other than providing his name as a party in this action.

The Court cannot find that plaintiff has asserted any facts permitting the reasonable inference that either defendant is liable for any misconduct. Plaintiff only offers unsupported conclusions which fail to properly allege that the unidentified drugs were the proximate cause of her skin reactions, mental fatigue, and memory loss, that Vertex had any involvement in the manufacture or distribution of the drugs, or that either defendant failed to adequately warn of the risk. *See Wester v. Bristol Myers Squibb Co.*, 2020 WL 619681, at *2 (E.D. Mo. Feb. 7, 2020) (dismissing plaintiff's products liability claim pursuant to § 1915 because plaintiff did not allege facts permitting the reasonable inference that the side effects were attributable to the drug, or that she used the drug in a manner reasonably anticipated during the relevant time period); *Johnson v. Medtronic, Inc.*, 365 S.W.3d 226 (Mo. Ct. App. 2012) (a failure to warn claim requires demonstration of proximate cause).

In sum, plaintiff's allegations are nothing more than the "the defendant unlawfully harmed me" accusations that the Supreme Court has found deficient. *See Iqbal*, 556 U.S. at 678. When a complaint's factual allegations permit the inference only that it is possible, not plausible, that injury occurred, the complaint fails to meet the minimum standard. *See Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

6

Moreover, plaintiff fails to address the apparent untimeliness of this action. Although the Court provided plaintiff with the opportunity to plead facts permitting the inference that this action is timely, none have been provided. Plaintiff again alleges that in 2012, eight years ago, she accrued injuries from a medication. As pled, this action is barred by the five-year statute of limitations period for product liability and personal injury under Mo. Ann. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[ ] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). "A federal court sitting in diversity jurisdiction applies the statute-of-limitations of the forum." *Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (citing *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995)); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (Federal courts sitting in diversity "apply state substantive law and federal procedural law").

Thus, plaintiff's claims against defendants for failure to warn will be dismissed as untimely pursuant to Mo. Ann. Stat. § 516.120(4) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

**B. First Amendment Claim**

In the section of the form complaint to list specific federal statutes or constitutional provisions that the instant action is based upon, plaintiff wrote: "First Amendment." The First Amendment to the United State Constitution provides that: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. Plaintiff does not provide any

7

indication as to how Vertex or Dr. Verzola violated any of these aforementioned rights. More fundamentally, however, the First Amendment is not applicable to either defendant because there are no allegations of state action, or that they were a state actor. *See Manhattan Community Access Corp. v. Halleck*, 139 S.Ct. 1921, 1926 (2019) (stating that "[t]he Free Speech Clause of the First Amendment constrains governmental actors and protects private actors"); and *Harris v. Quinn*, 573 U.S. 616, 629 n.4 (2014) (stating that "the First Amendment does not restrict private conduct"). Therefore, to the extent plaintiff intends to bring a claim under the First Amendment, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**C. Eighth Amendment Claim**

In the section of the form complaint to list specific federal statutes or constitutional provisions that the instant action is based upon, plaintiff also wrote: "Eighth Amendment." The Eighth Amendment to the United States Constitution provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend VIII. Similar to the First Amendment, the Eighth Amendment only applies to state action. *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 98-99 (1989) (explaining that the Eighth Amendment "requires the *State* to provide adequate medical care to incarcerated prisoners") (emphasis added). Here, plaintiff has not alleged that defendants are state actors, or that she is an incarcerated individual. Therefore, to the extent plaintiff intends to bring a claim under the Eighth Amendment, it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**D. Federal Patient Bill of Rights and Consumer Bill of Rights**

Plaintiff further appears to bring this case under what she calls the "Federal Patient Bill of Rights" and the "Consumer Bill of Rights." Plaintiff provides no information regarding what particular rights under the Constitution or federal laws she intends to invoke. The vague reference to the "Federal Patient Bill of Rights" or the "Consumer Bill of Rights" is insufficient to support the proposition that they are federal laws, much less that they create a private cause of action in this matter. *See Stone*, 364 F.3d at 914-15 (refusing to construct a legal theory for a self-represented plaintiff). Therefore, to the extent plaintiff intends to bring claims under the Federal Patient or Consumer Bill of Rights, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 3rd day of August, 2020.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE